# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES VERMILLION,<br><br>                Petitioner,<br><br>    v.<br><br>WARDEN JAMES D. HARTLEY,<br><br>              Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:12-cv—00623-AWI-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION (DOCS. 9, 1), DISMISS THE PETITION, AND DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>OBJECTIONS DEADLINE: THIRTY (30) DAYS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is Respondent's motion to dismiss the petition, which was filed on June 14, 2012. Petitioner filed opposition on July 5, 2012. No reply was filed.

I. <u>Proceeding by a Motion to Dismiss</u>

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty

1

1   Act of 1996 (AEDPA), the AEDPA applies to the petition.  <u>Lindh v.</u>
2   <u>Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d
3   1484, 1499 (9th Cir. 1997).

4       A district court may entertain a petition for a writ of
5   habeas corpus by a person in custody pursuant to the judgment of
6   a state court only on the ground that the custody is in violation
7   of the Constitution, laws, or treaties of the United States.  28
8   U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362,
9   375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. –, –, 131 S.Ct. 13,
10  16 (2010) (per curiam).

11      Rule 4 of the Rules Governing Section 2254 Cases in the
12  United States District Courts (Habeas Rules) allows a district
13  court to dismiss a petition if it "plainly appears from the face
14  of the petition and any exhibits annexed to it that the
15  petitioner is not entitled to relief in the district court...."

16      The Ninth Circuit permits respondents to file motions to
17  dismiss pursuant to Rule 4 instead of answers if the motion to
18  dismiss attacks the pleadings by claiming that the petitioner has
19  failed to exhaust state remedies or has violated the state's
20  procedural rules.  <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418,
21  420 (9th Cir. 1990) (failure to exhaust state remedies); <u>White v.</u>
22  <u>Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (state procedural
23  default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12
24  (E.D.Cal. 1982) (same).  Thus, a respondent may file a motion to
25  dismiss after the Court orders the respondent to respond, and the
26  Court should use Rule 4 standards to review a motion to dismiss
27  filed before a formal answer.  <u>See</u>, <u>Hillery</u>, 533 F. Supp. at 1194
28  & n.12.

Here, upon being directed to respond to the petition by way of answer or motion, Respondent filed the motion to dismiss. The material facts pertinent to the motion are contained in the pleadings and in copies of the official records of state parole and judicial proceedings which have been provided by the parties, and as to which there is no factual dispute. Because Respondent's motion to dismiss is similar in procedural standing to motions to dismiss on procedural grounds, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.  Background

A.  The Petition

Petitioner alleges he is serving a sentence of fifteen years to life imposed in the Kern County Superior Court for a conviction of second degree murder on or about August 21, 1995. (Pet., doc. 1, 1.) Petitioner challenges the decision of California's Board of Parole Hearings (BPH) denying Petitioner parole following a hearing on April 27, 2010. Petitioner alleges that the BPH's decision to deny parole was unconstitutionally predetermined and arbitrary in violation of his rights under the Due Process Clause of the Fourteenth Amendment. Petitioner contends that his due process rights were violated by the absence of an impartial decision maker, the BPH's failure to articulate a specific reason for denying parole, and the BPH's reliance on a subjective criterion of a lack of insight, which was contradicted by psychological evaluations. (Id. at 4, 8, 12-13.) Petitioner contends that because he was denied an impartial tribunal, the constitutional error was prejudicial per se, and the decision

3

must thus be reversed.  (Id. at 14.)  Petitioner argues that the
state court decision upholding the BPH's denial of parole was
contrary to, and an unreasonable application of, clearly
established federal law and an unreasonable determination of the
facts in light of the evidence presented within the meaning of 28
U.S.C. § 2254(d).

###           B.   The State Proceedings

Petitioner appeared with counsel at the hearing on April 27,
2010, before a BPH panel consisting of Presiding Commissioner
Mike Prizmich and Deputy Commissioner Noreen Blonien.  (RT
10/27/12, Mot., Ex. 1, Ex. A at 1-3.)  Neither Petitioner nor his
counsel objected to the panel when asked if they had any
objections.  (Id. at 11.)  Petitioner's counsel submitted
documentation supporting Petitioner's release.  (Id. at 11, 16.)
Petitioner's counsel confirmed that the documentation he had was
the same as that before the panel with the exception of a
confidential folder, which was not used in the determination.
(Id. at 13-14.)

In perpetrating the commitment offenses, Petitioner, who had
five or six previous drunk driving convictions, drove while
intoxicated with a blood alcohol level of .22 and proceeded in
the wrong direction on a highway.  He collided with another car;
killed the twenty-two-year-old passenger, and rendered the
nineteen-year-old driver so severely disabled that he is confined
to a wheelchair with serious brain injuries.  Petitioner had no
memory of the offense due to an alcoholic blackout.  (Id. at 3-4,
16-31.)  Petitioner discussed with the panel the facts of the
commitment offense and various factors relating to parole

4

suitability, such as his criminal history, alcoholism, social

history, behavior in prison, progress in understanding and

dealing with substance abuse, and parole plans.  (Id. at 15-91.)

Petitioner's counsel and Petitioner both made a statement in

favor of parole.  (Id. at 91-96, 97-100.)

Petitioner was present when the panel explained the

following reasons for denying parole: Petitioner currently posed

a risk of danger because he caused death or serious harm to

multiple victims under circumstances of extreme recklessness;

Petitioner had numerous previous convictions of driving under the

influence that were committed when he was outside the controlled

environment of a penal institution;  Petitioner's demonstrated

level of insight into his crime and level of remorse were unclear

or inadequate, and he had not reached an appropriate level of

humility in regard to the twelve-step program.  (Id. at 101-08.)

The Kern County Superior Court denied Petitioner's petition

for a writ of habeas corpus, noting that current danger was

premised upon the short and sporadic period Petitioner received

counseling for alcoholism, Petitioner's having killed or

seriously harmed multiple victims, and Petitioner's need to learn

how to refrain from consuming alcohol outside a controlled

environment; the crime was inextricably connected with alcohol

consumption and the need to refrain from such behavior upon

release.  (Mot., Ex. 2.)  The Court of Appeal of the State of

California, Fifth Appellate District denied Petitioner's habeas

petition because some evidence supported the finding of

unsuitability.  (Id., Ex. 4.)  The California Supreme Court

summarily denied Petitioner's habeas petition.  (Id., Ex. 6.)

1      III.   Legal Standards

2            A.   Screening the Petition

3      Rule 4 of the Rules Governing § 2254 Cases in the United

4   States District Courts (Habeas Rules) requires the Court to make

5   a preliminary review of each petition for writ of habeas corpus.

6   The Court must summarily dismiss a petition "[i]f it plainly

7   appears from the petition and any attached exhibits that the

8   petitioner is not entitled to relief in the district court...."

9   Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.

10  1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.

11  1990).  Habeas Rule 2(c) requires that a petition 1) specify all

12  grounds of relief available to the Petitioner; 2) state the facts

13  supporting each ground; and 3) state the relief requested.

14  Notice pleading is not sufficient; rather, the petition must

15  state facts that point to a real possibility of constitutional

16  error.  Rule 4, Advisory Committee Notes, 1976 Adoption;

17  O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v.

18  Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition

19  that are vague, conclusory, or palpably incredible are subject to

20  summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

21       Further, the Court may dismiss a petition for writ of habeas

22  corpus either on its own motion under Habeas Rule 4, pursuant to

23  the respondent's motion to dismiss, or after an answer to the

24  petition has been filed.  Advisory Committee Notes to Habeas Rule

25  8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43

26  (9th Cir. 2001).

27            B.   Relief pursuant to 28 U.S.C. § 2254

28       Because the petition was filed after April 24, 1996, the

6

effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. –, –, 131 S.Ct. 13, 16 (2010) (per curiam).

 28 U.S.C. § 2254 provides in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

1.   Section 2254(d)(1)

Clearly established federal law refers to the holdings, as opposed to the dicta, of the decisions of the Supreme Court as of the time of the relevant state court decision.  Cullen v. Pinholster, - U.S. -, 131 S.Ct. 1388, 1399 (2011); Lockyer v. Andrade, 538 U.S. 63, 71 (2003); Williams v. Taylor, 529 U.S. 362, 412 (2000).  It is thus the governing legal principle or

1  principles set forth by the Supreme Court at the pertinent time.

2  Lockyer v. Andrade, 538 U.S. 71-72.

3      A state court's decision contravenes clearly established

4  Supreme Court precedent if it reaches a legal conclusion opposite

5  to, or substantially different from, the Supreme Court's or

6  concludes differently on a materially indistinguishable set of

7  facts.  Williams v. Taylor, 529 U.S. at 405-06.  The state court

8  need not have cited Supreme Court precedent or have been aware of

9  it, "so long as neither the reasoning nor the result of the

10 state-court decision contradicts [it]."  Early v. Packer, 537

11 U.S. 3, 8 (2002).  A state court unreasonably applies clearly

12 established federal law if it either 1) correctly identifies the

13 governing rule but applies it to a new set of facts in an

14 objectively unreasonable manner, or 2) extends or fails to extend

15 a clearly established legal principle to a new context in an

16 objectively unreasonable manner.  Hernandez v. Small, 282 F.3d

17 1132, 1142 (9th Cir. 2002); see, Williams, 529 U.S. at 407.  An

18 application of clearly established federal law is unreasonable

19 only if it is objectively unreasonable; an incorrect or

20 inaccurate application is not necessarily unreasonable.

21 Williams, 529 U.S. at 410.

22     A state court's determination that a claim lacks merit

23 precludes federal habeas relief as long as it is possible that

24 fairminded jurists could disagree on the correctness of the state

25 court's decision.  Harrington v. Richter, 562 U.S. -, 131 S.Ct.

26 770, 786 (2011).  Even a strong case for relief does not render

27 the state court's conclusions unreasonable.  Id.  To obtain

28 federal habeas relief, a state prisoner must show that the state

court's ruling on a claim was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87.  The § 2254(d) standards are "highly deferential standard[s] for evaluating state-court rulings" which require that state court decisions be given the benefit of the doubt, and the Petitioner bear the burden of proof.  Cullen v. Pinholster, 131 S. Ct. at 1398.  Further, habeas relief is not appropriate unless each ground supporting the state court decision is examined and found to be unreasonable under the AEDPA.  Wetzel v. Lambert, --U.S.--, 132 S.Ct. 1195, 1199 (2012).

### 2.  Section 2254(d)(2)

Pursuant to § 2254(d)(2), a habeas petition may be granted only if the state court's conclusion was an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Section 2254(d)(2) applies where the challenge is based entirely on the state court record or where the process of the state court is claimed to have been defective. Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004).  Such challenges include claims that a finding is unsupported by sufficient evidence, the state court's process was defective, or the state court failed to make any finding at all.  Id. at 999.

With respect to Petitioner's contention that the state court adjudications were based on an unreasonable determination of facts within the meaning of § 2254(d)(2), it is established that the state court's determination must be not merely incorrect or erroneous, but rather objectively unreasonable.  Id.  For relief to be granted, a federal habeas court must find that the trial

9

court's factual determination was such that a reasonable fact finder could not have made the finding; that reasonable minds might disagree with the determination or have a basis to question the finding is not sufficient.  Rice v. Collins, 546 U.S. 333, 340-42 (2006).  To conclude that a state court finding is unsupported by substantial evidence, a federal habeas court must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.  Taylor v. Maddox, 366 F.3d at 1000.  To determine that a state court's fact finding process is defective in some material way or non-existent, a federal habeas court must be satisfied that an appellate court reviewing the defect would be unreasonable in holding that the state court's fact finding process was adequate.  Id.

IV.   Denial of Due Process Based on a Biased Tribunal

Petitioner's contention that the result of the parole suitability hearing was predetermined is premised on the BPH's reliance on Petitioner's not having served enough time to suit the panel, its failure to set forth a single factor recognized by California statute or the BPH's own regulations as a proper basis for denial of parole, and its ignoring Petitioner's sixteen-year history of remorse, acceptance of responsibility, and determined effort to change himself as a person, which Petitioner characterizes as overwhelming evidence of parole suitability. (Pet. at ll.)

A.   Legal Standards

A fair trial in a fair tribunal is a basic requirement of due process.  In re Murchison, 349 U.S. 133, 136 (1955).

10

California inmates have a due process right to parole consideration by neutral, unbiased decision makers. O'Bremski v. Maass, 915 F.2d 418, 422 (9th Cir. 1990). Because parole board officials perform tasks that are functionally comparable to those performed by the judiciary, they owe the same duty to render impartial decisions in cases and controversies that elicit strong feeling because the litigant's liberty is at stake. Id.

Fairness requires an absence of actual bias and of the probability of unfairness. Id. at 136. Bias may be actual, or it may consist of the appearance of partiality in the absence of actual bias. Stivers v. Pierce, 71 F.3d 732, 741 (9th Cir. 1995). A showing that the adjudicator has prejudged, or reasonably appears to have prejudged, an issue, is sufficient. Kenneally v. Lungren, 967 F.2d 329, 333 (9th Cir. 1992). There is, however, a presumption of honesty and integrity on the part of decision makers. Withrow v. Larkin, 421 U.S. 35, 46-47 (1975).

The mere fact that a board denies relief in a given case or has denied relief in the vast majority of cases does not demonstrate bias. Stivers v. Pierce, 71 F.3d at 742. This is because unfavorable judicial rulings alone are generally insufficient to demonstrate bias unless they reflect such extreme favoritism or antagonism so as to preclude the exercise of fair judgment. Liteky v. United States, 510 U.S. 540, 555 (1994).

### B.   The Weight of the Evidence

Petitioner argues that the evidence presented at the suitability hearing was overwhelmingly in favor of granting parole. Although Petitioner asserts that he is not bringing a

11

"some evidence" challenge to the BPH's decision, this Court notes that Petitioner's argument contains, in part, a challenge to the BPH's weighing of the evidence.

This Court is mindful of the limits placed on the scope of a federal court's review of parole decisions.  The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest.  Swarthout v. Cooke, 562 U.S. –, 131 S.Ct. 859, 861-62 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).[1] Swarthout v. Cooke, 131 S.Ct. 859, 862.  In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole.  The Court stated:

There is no right under the Federal Constitution

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made.  Id. at 16.  The decision maker is not required to state the evidence relied upon in coming to the decision.  Id. at 15-16.  The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee.  Id. at 9.  Further, the discretionary decision to release one on parole does not involve retrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary.  Id. at 13.  In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole.  Id. at 15.

> to be conditionally released before the expiration of
> a valid sentence, and the States are under no duty
> to offer parole to their prisoners.  (Citation omitted.)
> When, however, a State creates a liberty interest,
> the Due Process Clause requires fair procedures for its
> vindication—and federal courts will review the
> application of those constitutionally required procedures.
> In the context of parole, we have held that the procedures
> required are minimal.  In Greenholtz, we found
> that a prisoner subject to a parole statute similar
> to California's received adequate process when he
> was allowed an opportunity to be heard and was provided
> a statement of the reasons why parole was denied.
> (Citation omitted.)

Swarthout, 131 S.Ct. 859, 862.  The Court concluded that the

petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings
> and to contest the evidence against them, were afforded
> access to their records in advance, and were notified
> as to the reasons why parole was denied....

> That should have been the beginning and the end of
> the federal habeas courts' inquiry into whether
> [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862.  The Court in Swarthout expressly

noted that California's "some evidence" rule is not a substantive

federal requirement, and correct application of California's

"some evidence" standard is not required by the federal Due

Process Clause.  Id. at 862-63.

Here, Petitioner relies on the BPH's weighing of the

evidence as an indication of an unfair tribunal.  This Court will

not undertake a review of the tribunal's weighing of the evidence

because California's "some evidence" requirement is not a

substantive federal requirement.  Review of the record for "some

evidence" to support the denial of parole is not within the scope

of this Court's habeas review under 28 U.S.C. § 2254.

Petitioner contends that the BPH's unfavorable decision

reflects prejudgment of the case.  There are, however, no

1  circumstances that suggest the decision was the product of
2  favoritism or antagonism so as to preclude the exercise of fair
3  judgment.

4        To the extent that Petitioner cites state law to indicate
5  the appropriate characterization or evaluation of the evidence,
6  Petitioner's claim is not cognizable on federal habeas corpus.
7  Federal habeas relief is not available to retry a state issue
8  that does not rise to the level of a federal constitutional
9  violation.  Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16
10 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Alleged
11 errors in the application of state law are not cognizable in
12 federal habeas corpus.  Souch v. Schiavo, 289 F.3d 616, 623 (9th
13 Cir. 2002).

14       C.  Bias or Prejudgment

15       Preliminarily, the Court notes that Petitioner arguably
16 waived his contention concerning a biased tribunal because he
17 failed to register an objection or otherwise raise the issue of
18 bias before the BPH.  However, state courts appear to have
19 adjudicated Petitioner's state petitions on the merits.
20 Accordingly, the Court will proceed to consider the issue.

21       With respect to Petitioner's contention that the state court
22 decision violated § 2254(d)(1), a review of the entire record of
23 the state proceedings shows that Petitioner has not overcome the
24 presumption that the parole tribunal acted with honesty and
25 integrity.  Although Petitioner argues that the BPH acted without
26 evidentiary support, the record reflects that the BPH questioned
27 Petitioner concerning numerous suitability factors.  Further, the
28 BPH appears to have relied on the evidence in arriving at its

decision because the statement of reasons for the decision was based on the evidence.  Although Petitioner had participated in programs relating to his alcoholism, Petitioner's participation had been relatively recent.  Because of Petitioner's history of relapses and numerous instances of engaging in the criminal behavior of driving under the influence, the BPH's concern that Petitioner was not adequately prepared to avoid another relapse when outside the structured setting of a prison was squarely grounded in the evidence.  The BPH's decision was based in large measure not on irrelevant or subjective criteria, but rather on Petitioner's pertinent criminal history and his repeated commission of acts of a type that resulted in death or serious injury to multiple victims.  The fact that the BPH ruled against Petitioner does not demonstrate bias or otherwise overcome the presumption of regularity.  The state court adjudications thus did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law within the meaning of 28 U.S.C. § 2254(d)(1).

    With respect to Petitioner's contention concerning § 2254(d)(2), the state court decision was based on the evidence in the record, which included the extensive social harm caused by Petitioner, Petitioner's history of repeatedly driving under the influence, and the evidence of Petitioner's relatively limited participation in alcohol counseling.  The BPH's concern regarding Petitioner's ability to avoid another relapse was supported by record evidence of previous relapses and multiple instances of commission of the same type of misconduct that resulted in the commitment offenses.  A reasonable fact finder could have made

1  the finding.  Further, an appellate panel applying the normal
2  standards of appellate review could reasonably conclude that the
3  finding is supported by the record.

4      The state court adjudication thus did not result in a
5  decision that was based on an unreasonable determination of facts
6  in light of the evidence presented in the state court proceeding.

7      In sum, the Court concludes that the allegations of the
8  petition and what appears to be a complete record of the parole
9  proceedings do not entitle Petitioner to relief pursuant to
10 § 2254 on the ground that he was deprived of an impartial
11 tribunal.  Thus, the Court should grant Respondent's motion to
12 dismiss Petitioner's claim that he was deprived of due process
13 because of a biased decision maker.

14      V.   Arbitrary Decision Lacking Procedural Due Process

15      Petitioner alleges that in addition to being
16 unconstitutionally predetermined, the BPH's decision violated the
17 Due Process Clause of the Fourteenth Amendment because it was
18 arbitrary.

19      To the extent this contention contains an implied invitation
20 to review the BPH's or the state courts' application of the "some
21 evidence" rule, the Court again notes that such a contention is
22 not cognizable in this proceeding.

23      The foregoing analysis demonstrates that the BPH considered
24 the evidence and rendered a decision that was based on the
25 evidence presented.  Although Petitioner alleges generally that
26 he was deprived of due process protections, he does not allege
27 any specific facts in support of that conclusion.  Petitioner
28 received all procedural due process protections to which he was

1  entitled and has failed to allege facts showing he is entitled to

2  relief pursuant to § 2254 on the ground that the BPH's action was

3  arbitrary.

4          Petitioner argues in his opposition to the motion that he

5  was denied due process in that he was not given an evidentiary

6  hearing in state court.  He also seeks an evidentiary hearing in

7  this Court.

8          In determining whether a procedural deficiency such as the

9  failure to hold an evidentiary hearing will render a state

10 court's fact-finding unreasonable, the court is guided by this

11 circuit's consideration of the similar issue of when a federal

12 district court reviewing a habeas petition de novo must grant an

13 evidentiary hearing.  Hibbler v. Benedetti, - F.3d -, 2012 WL

14 3937215, *5 (No. 11-16683, 9th Cir., Sept. 10, 2012) (citing Earp

15 v. Ornoski, 431 F.3d 1158, 1166-67, 1169-70 (9th Cir. 2005)).

16 Because the determination of the adequacy of a state court's

17 fact-finding process requires deference pursuant to § 2254(d)(2),

18 if a federal district court would be within its discretion in

19 denying an evidentiary hearing, a state court's similar decision

20 is probably not objectively unreasonable.  Hibbler v. Benedetti,

21 2012 WL 3937215 at *5.  Thus, in determining the ultimate

22 question of whether an appellate court would be unreasonable in

23 holding that an evidentiary hearing was not necessary in light of

24 the state court record, a federal court may first consider

25 whether a similarly situated district court would have been

26 required to hold an evidentiary hearing.  Id. at *6.

27         In determining whether to grant an evidentiary hearing on

28 habeas review, a federal court must consider whether such a

hearing could enable an applicant to prove the petitioner's factual allegations, which, if true, would entitle the applicant to federal habeas relief. Schriro v. Landrigan, 550 U.S. 465, 474 (2007). The determination of entitlement to relief is, in turn, limited by 28 U.S.C. § 2254(d)(1), which requires that to obtain relief with respect to a claim adjudicated on the merits in state court, the adjudication must result in a decision that was either contrary to, or an unreasonable application of, clearly established federal law. Id.

Further, as previously noted, in analyzing a claim pursuant to § 2254(d)(1), a federal court is limited to the record that was before the state court that adjudicated the claim on the merits. Cullen v. Pinholster, 131 S.Ct. at 1398. If the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. Id. at 1399; Schriro v. Landrigan, 550 U.S. at 474. Thus, a state court's decision not to hold an evidentiary hearing does not render its fact-finding process unreasonable so long as the state court could have reasonably concluded that the evidence already adduced was sufficient to resolve the factual question. Earp v. Ornoski, 431 F.3d at 1170. This occurs where the petitioner's allegations are incredible in light of the record or when the record already before the court is said to establish a fact conclusively. Perez v. Rosario, 459 F.3d 943, 950 (9th Cir. 2006).

Here, based on the record before the state courts and the foregoing analysis, Petitioner is not entitled to relief under § 2254(d). Thus, a federal court could properly deny an

1  evidentiary hearing, and a state court's similar denial would not

2  be unreasonable.

3      The Court notes that a complete transcript of the parole

4  proceedings appears to have been presented to the Court.  As set

5  forth at length above, Petitioner or his counsel had access to

6  relevant documentation before the hearing, an opportunity to be

7  heard at the hearing, and a statement of reasons for the

8  decision.  Thus, Petitioner could not allege a tenable procedural

9  due process claim even if leave to amend were granted.

10  Therefore, the claim should be dismissed without leave to amend.

11      In sum, it will be recommended that Respondent's motion to

12  dismiss the petition for failure to state a cognizable claim for

13  federal habeas corpus relief be granted.

14      VI.   Certificate of Appealability

15      Unless a circuit justice or judge issues a certificate of

16  appealability, an appeal may not be taken to the Court of Appeals

17  from the final order in a habeas proceeding in which the

18  detention complained of arises out of process issued by a state

19  court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537

20  U.S. 322, 336 (2003).  A certificate of appealability may issue

21  only if the applicant makes a substantial showing of the denial

22  of a constitutional right.  § 2253(c)(2).  Under this standard, a

23  petitioner must show that reasonable jurists could debate whether

24  the petition should have been resolved in a different manner or

25  that the issues presented were adequate to deserve encouragement

26  to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336

27  (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A

28  certificate should issue if the Petitioner shows that jurists of

reason would find it debatable whether the petition states a
valid claim of the denial of a constitutional right and that
jurists of reason would find it debatable whether the district
court was correct in any procedural ruling.  Slack v. McDaniel,
529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of
the claims in the habeas petition, generally assesses their
merits, and determines whether the resolution was debatable among
jurists of reason or wrong.  Id.  It is necessary for an
applicant to show more than an absence of frivolity or the
existence of mere good faith; however, it is not necessary for an
applicant to show that the appeal will succeed.  Miller-El v.
Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of
appealability when it enters a final order adverse to the
applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could
debate whether the petition should have been resolved in a
different manner.  Petitioner has not made a substantial showing
of the denial of a constitutional right.  Accordingly, it will be
recommended that if the Court determines to grant the motion to
dismiss, the Court should decline to issue a certificate of
appealability.

VII.  Recommendations

Accordingly, it is RECOMMENDED that:

1)  Respondent' motion to dismiss the petition for failure
to state a cognizable claim for federal habeas corpus relief be
GRANTED; and

1    2)   The petition be DISMISSED for failure to state facts

2  entitling Petitioner to relief pursuant to 28 U.S.C. § 2254; and

3    3)   The Court DECLINE to issue a certificate of

4  appealability.

5    These findings and recommendations are submitted to the

6  United States District Court Judge assigned to the case, pursuant

7  to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of

8  the Local Rules of Practice for the United States District Court,

9  Eastern District of California.  Within thirty (30) days after

10 being served with a copy, any party may file written objections

11 with the Court and serve a copy on all parties.  Such a document

12 should be captioned "Objections to Magistrate Judge's Findings

13 and Recommendations."  Replies to the objections shall be served

14 and filed within fourteen (14) days (plus three (3) days if

15 served by mail) after service of the objections.  The Court will

16 then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

17 § 636 (b)(1)(C).  The parties are advised that failure to file

18 objections within the specified time may waive the right to

19 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

20 1153 (9th Cir. 1991).

21

22 IT IS SO ORDERED.

23 **Dated:    October 2, 2012          /s/ Sheila K. Oberto          **
                                        UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28